MEMORANDUM OPINION

December 7, 2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RANDALL JOSEPH CURINGTON | : | Case No. 05-38188 |
| MELISSA JANE CURINGTON | : | Chapter 13 |
| | : | |
| Debtors | : | |

BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

    FOR THE DEBTORS:

    RICHARD M. MAYER, ESQ.
    1111 Northshore Drive, Suite S-570
    Knoxville, Tennessee  37919

    CHAPTER 13 TRUSTEE:

    GWENDOLYN M. KERNEY, ESQ.
    Post Office Box 228
    Knoxville, Tennessee  37901

1       THE COURT:  This contested matter is before me on the Trustee's Motion

2  to Dismiss filed by the Chapter 13 Trustee on December 2, 2005.  The Motion is

3  grounded upon the Debtors' failure to obtain the credit counseling briefing required by

4  § 109(h) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

5       This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

6       The relevant facts, all of which are undisputed and ascertainable from the

7  record in the Debtors' case file, are as follows.  The Debtors filed their joint bankruptcy

8  case under Chapter 13 on October 20, 2005, at which time they also filed a Motion on

9  Exigent Circumstances requesting a waiver of the budget and credit counseling briefing

10 requirement of 11 U.S.C. § 109(h)(1) (2005), which I summarily denied by an order

11 entered on October 27, 2005.  Contemporaneously with the filing of their petition, the

12 Debtors also filed a "Certificate of Exigent Circumstances" certifying the following:

13       1. The Debtors have been contacted by Vanderbilt

14       Mortgage, and threatened with replevin of their home.

15       2. The Debtors do not believe that they can come up with

16       the $50.00 required by Consumer Credit Counseling until Friday,

17       October 21, 2005, and need to file their Chapter 13 case

18       immediately.

19 On December 5, 2005, the Debtors filed their Certificate from Consumer Credit

20 Counseling Service evidencing that they obtained counseling on December 3, 2005.

21      11 U.S.C. § 109 addresses "Who may be a debtor," and provides, in material

22 part, in subsection (h):

23      (h)(1)  Subject to paragraphs (2) and (3), and notwithstanding any

24      other provision of this section, an individual may not be a debtor

25      under this title unless such individual has, during the 180-day

| | |
|---|---|
| 1 | period preceding the date of filing of the petition by such |
| 2 | individual, received from an approved nonprofit budget and |
| 3 | credit counseling agency described in section 111(a) an |
| 4 | individual or group briefing (including a briefing conducted by |
| 5 | telephone or on the Internet) that outlined the opportunities for |
| 6 | available credit counseling and assisted such individual in |
| 7 | performing a related budget analysis. |
| 8 | . . . . |
| 9 | (3)(A)  Subject to paragraph (B), the requirements of paragraph |
| 10 | (1) shall not apply with respect to a debtor who submits to the |
| 11 | court a certification that – |
| 12 | (i) describes exigent circumstances that merit a waiver of |
| 13 | the requirements of paragraph (1); |
| 14 | (ii) states that the debtor requested credit counseling services |
| 15 | from an approved nonprofit budget and credit counseling |
| 16 | agency, but was unable to obtain the services referred to in |
| 17 | paragraph (1) during the 5-day period beginning on the date |
| 18 | on which the debtor made that request; and |
| 19 | (iii) is satisfactory to the court. |
| 20 | (B)  With respect to a debtor, an exemption under |
| 21 | subparagraph (A) shall cease to apply to that debtor on the date |
| 22 | on which the debtor meets the requirements of paragraph (1), but |
| 23 | in no case may the exemption apply to that debtor after the date |
| 24 | that is 30 days after the debtor files a petition, except that the |
| 25 | court, for cause, may order an additional 15 days. |

| | |
|---|---|
| 1 | (4) The requirements of paragraph (1) shall not apply with |
| 2 | respect to a debtor whom the court determines, after notice and |
| 3 | hearing, is unable to complete those requirements because of |
| 4 | incapacity, disability, or active military duty in a military combat |
| 5 | zone.  For the purposes of this paragraph, incapacity means that |
| 6 | the debtor is impaired by reason of mental illness or mental |
| 7 | deficiency so that he is incapable of realizing and making rational |
| 8 | decisions with respect to his financial responsibilities; and |
| 9 | 'disability' means that the debtor is so physically impaired as to |
| 10 | be unable, after reasonable effort, to participate in an in person, |
| 11 | telephone, or Internet briefing requirement under paragraph (1). |
| 12 | Proof that a debtor has received consumer credit counseling must be filed |
| 13 | with the court at the commencement of an individual's case filed on and after |
| 14 | October 17, 2005.  Pursuant to 11 U.S.C. § 521(a), all individual debtors must file a list |
| 15 | of creditors, a schedule of assets and liabilities, a schedule of current income and |
| 16 | expenses, a statement of financial affairs, copies of payment advices or other evidence |
| 17 | of payment received within 60 days before the petition was filed, and other specified |
| 18 | documentation.  Pursuant to 11 U.S.C. § 521(b), all individual debtors must also file the |
| 19 | following: |
| 20 | (1) a certificate from the approved nonprofit budget and credit |
| 21 | counseling agency that provided the debtor services under section |
| 22 | 109(h) describing the services provided to the debtor; and |
| 23 | (2) a copy of the debt repayment plan, if any, developed under |
| 24 | section 109(h) through the approved nonprofit budget and credit |
| 25 | counseling agency referred to in paragraph (1). |

1    "[A]s long as the statutory scheme is coherent and consistent, there generally

2    is no need for a court to inquire beyond the plain language of the statute." *United States*

3    *v. Ron Pair Enters., Inc.*, 109 S. Ct. 1026, 1030 (1989). The Supreme Court "ha[s]

4    stated time and time again that courts must presume that a legislature says in a statute

5    what it means and means in a statute what it says there. When the words of a statute are

6    unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"

7    *Conn. Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992) (quoting *Rubin v. United*

8    *States*, 101 S. Ct. 698, 701 (1981)).

9            "The starting point in any case involving the meaning of a statute

10           [] is the language of the statute itself." *Group Life & Health Ins.*

11           *Co. v. Royal Drug Co.*, 440 U.S. 205, 210, 99 S. Ct. 1067, 1073,

12           59 L. Ed. 2d 261 (1979); *Vergos v. Gregg's Enterprises, Inc.*, 159

13           F.3d 989, 990 (6th Cir. 1998). A fundamental canon of statutory

14           construction is that, unless otherwise defined, words will be

15           interpreted as taking their ordinary, contemporary, common

16           meaning. *Perrin v. United States*, 444 U.S. 37, 42, 100 S. Ct.

17           311, 314, 62 L. Ed. 2d 199 (1979). "In construing a federal

18           statute, it is appropriate to assume that the ordinary meaning of

19           the language that Congress employed 'accurately expresses its

20           legislative purpose.'" *Mills Music, Inc. v. Snyder*, 469 U.S. 153,

21           164, 105 S. Ct. 638, 645, 83 L. Ed. 2d 556 (1985), quoting *Park*

22           *'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 195, 105

23           S. Ct. 658, 83 L. Ed. 2d 582 (1985). "If the words of the statute

24           are unambiguous, the judicial inquiry is at an end, and the plain

25           meaning of the text must be enforced." *Hudson v. Reno*, 130

F.3d 1193, 1199 (6th Cir. 1997), *cert. denied*, 525 U.S. 822

(1998), quoting *United States v. Ron Pair Entrs., Inc.*, 489 U.S.

235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989).

*United States v. Plavcak*, 411 F.3d 655, 660-61 (6th Cir. 2005); *accord Dorris v. Absher*, 179 F.3d 420, 429 (6th Cir. 1999) ("A court should look beyond the language of the statute only when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress.").

The language of 11 U.S.C. § 109(h)(1) governing bankruptcy cases filed by individual debtors on and after October 17, 2005, is plain and unambiguous: "an individual *may not* be a debtor under [title 11] unless [he or she] has, [within 180 days preceding the filing date]," received consumer credit counseling from an approved agency. There is no mistaking the ordinary, plain meaning that any individual debtor filing a petition under any chapter of the Bankruptcy Code must either (1) participate in consumer credit counseling prior to filing, or (2) certify to the court that they were unable to meet this requirement prior to filing due to exigent circumstances, which then warrants a thirty-day grace period. Upon court approval, a debtor may receive an additional fifteen-day extension; nevertheless, in any event, § 109(h) unequivocally requires debtors to undergo this counseling no later than forty-five days after filing their petitions.

Any individual debtor that has not met this requirement may not be a debtor under any chapter of the Bankruptcy Code on and after October 17, 2005.

It is of paramount significance that Congress placed these requirements in 11 U.S.C. § 109, the Code's provision that governs the fundamental eligibility to "be a debtor." This statute

is a necessary threshold to pursuing bankruptcy relief; it
identifies who may file a petition for bankruptcy relief in the first
place and--by exclusion--who may not do so.

That placement alone would be enough to elevate the
requirement of credit counseling to signal importance. However
Congress also made its intent crystal-clear via an express
prohibition: an individual who does not satisfy these
prescriptions "may not be a debtor." When a debtor's petition is
not accompanied by proof that the debtor has gone through credit
counseling pre-petition or proof of a specified excuse for not
doing so, that person simply cannot proceed to receive the
complex of relief available under any chapter of the Bankruptcy
Code.

*In re LaPorta*, 2005 WL 3078507, at *4 (Bankr. D. Minn. Oct. 27, 2005); *see also In re Sukmungsa*, 2005 WL 3160607, at *1 (Bankr. D. Utah Nov. 23, 2005) ("[C]ompliance with § 109(h) is an eligibility bar that must be hurdled before an individual may obtain title 11 relief.").

Likewise, the method for obtaining a waiver of the pre-petition consumer credit counseling requirement is expressly and specifically set forth by the statute. Section 109(h)(3) clearly states that any debtor requesting a waiver must file a "certification" with the court.

The term "certification" is not defined in the Bankruptcy Code. According to the relevant definition in Black's Law Dictionary, a certification is "1. The act of attesting. 2. The state of having been attested. 3. An attested statement." BLACK'S LAW

> DICTIONARY 220 (7th ed. 1999). The same source defines
> "attest" as "1. To bear witness; testify <attest to the defendant's
> innocence>. 2. To affirm to be true or genuine; to authenticate
> by signing as a witness <attest the will>." *Id.* at 124. Similarly,
> Webster's Third New International Dictionary defines "certify"
> as "to attest esp. authoritatively or formally." WEBSTER'S THIRD
> NEW INTERNATIONAL DICTIONARY 362 (2002). Based on these
> definitions, a certification is, at a minimum, a written statement
> that the signer affirms or attests to be true.

*In re Cleaver*, 2005 WL 3099686, at *3 (Bankr. S.D. Ohio Nov. 17, 2005) (footnote omitted). Accordingly, a motion of exigent circumstances is not necessary and does not comply with the statute.

The certification required by § 109(h)(3) must contain the following necessary elements, which must be satisfactory to the court: (1) a description of the exigent circumstances meriting the waiver; and (2) a statement that the debtor actually requested consumer credit counseling with an approved agency, but he or she was unable to obtain the counseling because the agency was unable to provide the debtor with counseling within five days of the debtor's request. As with the term "certification," the Bankruptcy Code does not define "exigent circumstances," but Black's Law Dictionary defines the phrase as "[a] situation that demands unusual or immediate action and that may allow people to circumvent usual procedures[.]" BLACK'S LAW DICTIONARY 236 (7th ed. 1999); *see also Cleaver*, 2005 WL 3099686, at *4. It follows that exigent circumstances must be determined on a case by case basis and cannot be uniformly defined. Nevertheless, even if the court does find that exigent circumstances prevented the debtor's pre-petition consumer credit counseling, and a

1   waiver is granted, the debtor must still complete consumer credit counseling post-

2   petition and file certification thereof within thirty days of the date upon which the

3   bankruptcy case was filed.

4       "The three requirements for an acceptable certification under § 109(h)(3)(A)

5   are couched in conjunctive language and, therefore, all three must be satisfied for the

6   certification to be effective as a temporary exemption from the pre-petition briefing

7   mandated by § 109(h)(1)." *Cleaver*, 2005 WL 3099686, at *4; *see also In re Watson*,

8   332 B.R. 740, 745 (Bankr. E.D. Va. 2005) (finding that, under the rules of statutory

9   construction, § 109(h)(3)(A) should be read in the conjunctive).

10      In the end, the statute is simple.  The performance of credit

11      counseling pre-petition is a first-level requirement for any

12      individual who seeks bankruptcy relief.  That prerequisite may be

13      overridden, and the court may permit the credit counseling to be

14      obtained post-petition.  However, this is possible only if a debtor

15      certifies that she meets the requirements of 11 U.S.C.

16      § 109(h)(3)(A), in their exacting detail.  If such a debtor does not

17      submit this certification with her petition for bankruptcy, in

18      proper form, and with content evidencing the statute's

19      substantive requirements in a way "satisfactory to the court," the

20      first-level requirement is not overridden.  When that is the case, a

21      debtor must show, as part of her initial filing, that she has

22      received credit counseling pre-petition.  That is done by "filing

23      with the court" the credit counseling agency's certificate that it

24      provided described services to the debtor, with her petition for

25      bankruptcy.

*In re Wallert*, 2005 WL 3099679, at *5 (Bankr. D. Minn. Nov. 17, 2005).

Absent exigent circumstances, § 109(h) requires that the consumer credit counseling requirement must be fulfilled prior to filing for bankruptcy protection in all cases filed on and after October 17, 2005. *See also Wallert*, 2005 WL 3099679, at *5 ("The application of § 109(h), as thus read, falls heavily on one subset of debtors- particularly at present, in the early stages of a transition to a new bankruptcy law regime.  Nonetheless, because the requirements of the statute are so clear and so exacting on their face, and because they dovetail with a rational divination of congressional intent, it simply is not open to the courts to depart from their express terms."); *Cleaver*, 2005 WL 3099686, at *2 ("The statute is unequivocal and allows for no other excuse or exception.").  Additionally, in order to comply with any of the § 109(h) requirements, counseling must at least be attempted prior to filing the bankruptcy petition, even if it cannot be completed.  *See In re Talib*, 2005 WL 3272411, at *5 (Bankr. W.D. Mo. Dec. 1, 2005) ("Because the Debtor did not obtain the credit counseling prior to the filing of the petition, and because she does not qualify for an exigent circumstances waiver, she is not eligible to be a debtor under § 109(h).  Under these circumstances, the Court may not grant the requested extension to obtain the credit counseling postpetition.").

Here, the Debtors did not, as required by 11 U.S.C. § 521(b), file a certificate from an approved nonprofit budget and credit counseling agency that provided the services required by § 109(h)(1).  They did, however, file a Certification of Exigent Circumstances along with their petition.  Nevertheless, the Certification does not comply with the requirements set forth in § 109(h)(3)(A), because it does not state that the Debtors attempted to obtain credit counseling services pre-petition but the agency could not provide them with counseling within five days.  Furthermore, the

Debtors' certification that they "do not believe they can come up with the $50.00 required by Consumer Credit Counseling until Friday, October 21, 2005, and need to file their Chapter 13 case immediately," does not, in my opinion, begin to meet the "exigent circumstances" test contemplated by Congress in the enactment of § 109(h)(3). In the court's mind, it is disingenuous for an individual who is on the verge of bankruptcy to rely upon a lack of funds to support a claim of "exigent circumstances." While the term is undefined by the Bankruptcy Code, the court believes that the "exigent circumstances" contemplated by § 109(h)(3) are somewhat akin to the "incapacity, disability, or active military duty" test of § 109(h)(4) that will allow a court to excuse entirely the § 109(h)(1) credit counseling requirements. By these terms, Congress has expressed its intention that something considerably more than mere inconvenience to the debtor is required if the credit counseling briefing is to be waived, even temporarily. The court recognizes, however, that the "exigent circumstances" test is fact specific and is not by these comments intending to place a definition on that term or to otherwise suggest how it might rule in future cases. Case law will ultimately answer the question of what is meant by "exigent circumstances" and I suspect the interpretation will vary greatly among the bankruptcy courts.

  Furthermore, even if the Debtors' exigent circumstances were satisfactory in this case and in compliance with the statute, they failed to complete credit counseling within thirty days of filing their petition or obtain court approval for another fifteen-day extension, as required by § 109(h)(3)(B). They did not obtain counseling until December 3, 2005, which was forty-four days after they filed their case and one day after the Chapter 13 Trustee filed her Motion to Dismiss.

  The court has absolutely no discretion under the statute. This case must be dismissed and I will enter an appropriate order to that effect this afternoon.

1    This Memorandum constitutes findings of fact and conclusions of law as

2    required by FED. R. CIV. P. 52(a), made applicable to this contested matter by

3    Rule 9014(c) of the Federal Rules of Bankruptcy Procedure. I will ask the court

4    reporter to transcribe my opinion, with the original being delivered to me for such

5    additions and corrections as I deem appropriate. This opinion will be placed on the

6    court's web site and will be sent in for publication. While there will certainly be no

7    substantive changes, the Memorandum will be set in a publishable format.

8    FILED: December 8, 2005

9                                                    */s/ Richard Stair, Jr.*
                                                     RICHARD STAIR, JR.
10                                                   U.S. BANKRUPTCY JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25